1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERT A. GIBBS,                           No.  2:20-cv-01956-DAD-DMC (PS)
                                                 No.  2:20-cv-01957-DAD-DMC (PS)
12                        Plaintiff,             No.  2:20-cv-01961-DAD-DMC (PS)
                                                 No.  2:22-cv-00299-DAD-DMC (PS)
13             v.

14    JEFF JENS, et al.,

15                        Defendants.            ORDER ADOPTING FINDINGS AND
                                                 RECOMMENDATIONS AND DISMISSING
16    _____          ACTIONS WITH PREJUDICE AS *HECK*-
                                                 BARRED
17    AND RELATED CASES
                                                 (Doc. No. 35)
18

19           Plaintiff Robert A. Gibbs is proceeding *pro se* and *in forma pauperis* in the above-

20    captioned civil actions filed pursuant to 42 U.S.C. § 1983.  These actions have been related within

21    the meaning of Eastern District of California Local Rule 123(a).  (Doc. No. 34.)  This matter was

22    referred to a United States Magistrate Judge pursuant to Local Rule 302.

23           On June 8, 2022, the assigned magistrate judge issued findings and recommendations,

24    recommending that all four related actions be dismissed with prejudice as barred by *Heck v.*

25    *Humphrey*, 512 U.S. 477 (1994).  (Doc. No. 35 at 8–9.)  The magistrate judge considered the

26    defendants' *Heck* arguments made in their motions to dismiss filed in *Gibbs v. Jens, et al.* (*Gibbs*

27    *I*), No. 2:20-cv-01956-DAD-DMC; *Gibbs v. Northam, et al.* (*Gibbs II*), No. 2:20-cv-01957-DAD-

28    DMC; and *Gibbs v. Bridgett, et al.* (*Gibbs III*), No. 2:20-cv-01961-DAD-DMC.  (*Id.* at 6–9.)  The

                                                    1

1    magistrate judge also considered the applicability of *Heck* to *Gibbs v. State of California, et al.*

2    (*Gibbs IV*), No. 2:22-cv-00299-DAD-DMC, while screening plaintiff's complaint in *Gibbs IV*

3    pursuant to 28 U.S.C. §1915(e)(2).  (*Id.* at 9.)  The findings and recommendations conclude that

4    *Heck* bars all four of plaintiff's cases because all four complaints "challenge the fact of an

5    underlying conviction" and allege facts that "if true, would necessarily imply the invalidity of a

6    state court criminal conviction as to which Plaintiff has not obtained a favorable termination."

7    (*Id.* at 8.)  The magistrate judge also concluded that plaintiff's claims were not barred by the

8    statute of limitations, failed to state a claim as to defendant Conflict Defender in *Gibbs* I due to

9    lack of specific allegations as to that defendant, and declined to consider whether plaintiff's

10   complaints sufficiently pled facts to establish municipal liability because the cases are *Heck*-

11   barred.  (*Id.* at 13–15.)  The findings and recommendations were served on all parties and

12   contained notice that any objections thereto were to be filed within fourteen (14) days of service.

13   (*Id.* at 16.)  Plaintiff filed timely objections.  (Doc. No. 37.)

14           In his objections, plaintiff argues that the inclusion of *Gibbs IV* in the findings and

15   recommendations "deprives this plaintiff of due process" because it "was subject to no motion

16   before the court, involves the state of California and not local (Shasta County) actors and involves

17   issues of overall constitutionality."  (*Id.* at 1.)  Plaintiff contends that to apply *Heck* to a challenge

18   to the constitutionality of a state statute as he purports to do in *Gibbs IV* would be overbroad.

19   (*Id.*)  Plaintiff continues on to reiterate his arguments that the California statute at issue in *Gibbs*

20   *IV*, California Penal Code § 422, is unconstitutional.  (*Id.* at 2–6.)  Plaintiff also objects to

21   dismissal of his actions with prejudice, arguing that his petition for writ of habeas corpus is

22   currently pending "and, if successful, will remove the '*Heck*' bar" and permit him to refile the

23   complaints in the above-captioned actions.  (*Id.* at 6.)

24           The undersigned finds plaintiff's objections to be unpersuasive.  First, magistrate judges

25   are required to screen complaints in actions proceeding *in forma pauperis* and "shall dismiss the

26   case at any time if the court determines that . . . the action . . . fails to state a claim on which relief

27   may be granted."  28 U.S.C. §1915(e)(2).  While the assigned magistrate judge could have

28   issuance separate findings and recommendations screening the complaint in *Gibbs IV*, such

                                                        2

1   separate issuance was neither required nor judicially efficient, given the consideration of *Heck* in

2   all four related matters.  As to plaintiff's argument about the applicability of *Heck* to

3   constitutional challenges to a state statue, the Supreme Court held the following in *Heck*:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,6 a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

13   *Heck*, 512 U.S. at 486–87.  In *Gibbs IV*, plaintiff alleges that California Penal Code § 422 was

14   unconstitutionally mis-applied in his case and is "overall unconstitutional for several reasons" and

15   seeks damages for the alleged harm of his conviction and sentence.  (Doc. No. 1 at 5–6, *Gibbs*

16   *IV*.)  As the magistrate judge found, a judgment in favor of plaintiff in *Gibbs IV* "that California

17   Penal Code § 422 is unconstitutional as it was applied in his state court criminal case also implies

18   the invalidity of [p]laintiff's state court conviction for violating that statute" precisely in the

19   manner barred by *Heck*.  *Heck*, 512 U.S. at 487.  Plaintiff's arguments to the contrary are

20   unpersuasive.  Finally, the undersigned agrees with the magistrate judge that because amendment

21   of plaintiff's claims in the four related cases captioned above would be futile due to the

22   application of *Heck*, dismissal without prejudice is proper here.  If plaintiff were to succeed in his

23   pending petition for writ of habeas corpus and invalidate his conviction such that *Heck* no longer

24   applies, he may file new claims as appropriate.

25          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

26   court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file,

27   including plaintiff's objections, the court finds the findings and recommendations to be supported

28   by the record and proper analysis.

3

Accordingly,

1.    The findings and recommendations issued on June 8, 2022 (Doc. No. 35) are adopted in full;

2.    As to *Gibbs I* (No. 2:20-cv-01956-DAD-DMC):

    a.  Defendants' requests for judicial notice (Doc. No. 10, 11-2) are granted;

    b.  Defendants' motions to dismiss (Doc. Nos. 9, 11) are granted in part and denied in part; and

    c.  This action is dismissed in its entirety with prejudice as *Heck*-barred.

3.    As to *Gibbs II* (No 2:20-cv-01957-DAD-DMC):

    a.  Defendant's request for judicial notice (Doc. No. 12) is granted;

    b.  Defendant's motion to dismiss (Doc. No. 11) is granted in part and denied in part; and

    c.  This action is dismissed in its entirety with prejudice as *Heck*-barred.

4.    As to *Gibbs III* (No 2:20-cv-01961-DAD-DMC):

    a.  Defendants' request for judicial notice (Doc. No. 14) is granted;

    b.  Defendants' motion to dismiss (Doc. No. 13) is granted in part and denied in part; and

    c.  This action is dismissed in its entirety with prejudice as *Heck*-barred.

5.    As to *Gibbs IV* (No 2:20-cv-00299-DAD-DMC):

    a.  This action is dismissed in its entirety with prejudice as *Heck*-barred.

6.    The Clerk of Court is directed to close the above-captioned cases.

IT IS SO ORDERED.

Dated:   **September 2, 2022**           _Dale A. Drozd_

                                      UNITED STATES DISTRICT JUDGE